UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HONG VAN NGUYEN,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-05841 (VC)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Hong Van Nguyen is a non-citizen who was ordered removed to Vietnam in 2015, but was subsequently released on an order of supervision after the Government was unable to execute his removal order. Dkt. No. 8-1 at 3. He was re-detained by U.S. Immigrations and Customs Enforcement ("ICE") on November 30, 2025 following his release from county jail for failing to register as a sex offender. *Id*. at 2–3. For the reasons that follow, the petition is denied.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner came to the United States in 1989 with his mother and siblings. Dkt. No. 1 ¶ 23. He was ordered removed to Vietnam in 2015, though it is not clear from the record on what basis. *See* Dkt. No. 8-3. Following entry of his removal order, Petitioner was briefly detained by the Department of Homeland Security ("DHS"), but was released on an order of supervision ("OSUP") after DHS was unable to execute his removal order. Dkt. No. 8-1 at 3.

U.S. Immigration and Customs Enforcement ("ICE") served Petitioner with a "Notice of Revocation of Release" and re-detained him on November 30, 2025. *Id*. at 2; Dkt. No. 8-4 at 1.

The Notice explains that revocation of his release was warranted because "ICE had determined that you violated the condition of your release" due to a recent conviction "for failure to register as a sex offender[,]" and that his "case [was] under current review by Vietnam government [sic] for the issuance of a travel document[.]" Dkt. No. 8-4 at 1. It is not clear based on the records submitted by Respondents whether Petitioner was provided an informal interview to challenge the basis of the revocation of his release. However, his detention status was reviewed by ICE in March 2026, and he received an interview pursuant to 8 C.F.R. § 241.4(i)(3) to challenge the basis of his continued detention in May 2026. *See* Dkt. No. 8-7; Dkt. No. 8-8; Dkt. No. 8-9. A Vietnamese passport was issued for Petitioner and Respondents claim that they can execute removal in several weeks. *See* Dkt. No. 8-12; Dkt. No. 10-1 ¶¶ 8–10.

## II. DISCUSSION

Petitioner asserts that the revocation of his order of supervision and prolonged re-detention violates his due process rights because there is no significant likelihood of removal in the reasonably foreseeable future. *See* Dkt. No. 1 ¶¶ 27–43; Dkt. No. 9 at 8–11. Respondents oppose relief, arguing that removal is now reasonably foreseeable in light of the issuance of a Vietnamese passport for Petitioner. Dkt. No. 8 at 2–3. The Court agrees with Respondents.

The Supreme Court has recognized a presumptively reasonable period of detention of six months after a noncitizen's removal order becomes final. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

Assuming, without deciding, that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, Respondents have successfully rebutted his showing. There is no dispute that Petitioner is subject to a final order of removal, and Respondents have submitted evidence that Vietnam issued a passport for Petitioner. *See* Dkt. No. 8-12. On this evidence, Respondents have shown that Petitioner's removal in the near future is likely. *See, e.g.*, *Talebi v. LaRose*, No. 26-CV-00165-BAS-JLB,

2026 WL 475359, at *2 (S.D. Cal. Feb. 19, 2026) (finding significant likelihood of removal where travel documents had been obtained and flight was scheduled); *Ashour v. Noem*, No. 3:26-CV-00422-RBM-SBC, 2026 WL 310198, at *2 (S.D. Cal. Feb. 5, 2026) (same); *Sikeo v. Albarran*, No. 1:25-CV-01505-KES-HBK (HC), 2026 WL 603740 (E.D. Cal. Mar. 4, 2026), *appeal dismissed*, No. 26-1666, 2026 WL 1757776 (9th Cir. May 6, 2026) (same).

Petitioner's argument that a valid passport does not show "meaningful progress toward actual removal" is unpersuasive. "[A] travel document is the most dispositive evidence that there is a significant likelihood of removal in the reasonably foreseeable future." *Sikeo*, 2026 WL 603740, at *3 (internal quotation omitted). And the cases which Petitioner cites do not support a contrary finding. Rather, all of the cases relied on by Petitioner concerned circumstances where the Government had not obtained travel documents yet. *See*, *Luong v. Oddo*, 3:25-CV-00422, Dkt. No. 21 (W.D. Pa. Feb. 20, 2026) (finding removal not reasonably foreseeable for pre-1995 Vietnamese refugee with a travel document application pending for four months); *Lam v. Noem*, No. 3:25-CV-00397, 2026 WL 492383, at *7 (W.D. Pa. Feb. 23, 2026) (finding removal not reasonably foreseeable where no travel document had been obtained); *Le v. Butler*, No. 1:26-CV-01373, 2026 WL 1983713, *4 (M.D. Pa. July 9, 2026) (same).

## III. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus is DENIED and the Court's prior no transfer order is vacated. *See* Dkt. No. 5. The clerk of the Court is directed to close this case and enter judgment in favor of Respondents. This order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 9, 2026

VINCE CHHABRIA
United States District Judge